

# Fourth Court of Appeals
## San Antonio, Texas

February 1, 2018

No. 04-16-00509-CR

Malcolm **GANDY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR6350
Honorable Melisa Skinner, Judge Presiding

# O R D E R

This appeal was submitted on briefs on September 6, 2017.  On appeal, appellant raises five points of error challenging the trial court's order denying his motion to suppress.  In his brief, appellant cites to a suppression hearing held on September 21, 2015; however, a copy of the reporter's record from that hearing has not been filed in this court.[1]

A review of the clerk's record reflects that on August 22, 2016, appellant filed a Request for Preparation of Reporter's Record, specifically requesting preparation of the record from both the motion to suppress evidence hearing and sentencing hearing.  In his request, appellant identifies Maria Fattahi as the court reporter for the suppression hearing and indicates the suppression hearing took place on September 18, 2015.  Thereafter, on September 21, 2016, Maria Fattahi filed in this court a notification of late record, stating the record would not be filed because appellant has not paid or made arrangements to pay the reporter's fee to prepare the record and appellant is not entitled to the record without paying the fee.  *See* TEX. R. APP. P. 34.6(b), 35.3(b).  No action was taken by this court in response to this notification.

Rule 37.3(c) of the Texas Rules of Appellate Procedure provides that in the event a reporter's record is not filed, we may consider and decide points of error that do not require a reporter's record, but only after we give appellant notice and a reasonable opportunity to cure. *See id.* R. 37.3(c).  Therefore, by order dated January 18, 2017, appellant was ordered to provide

---

[1] We note the State acknowledges in a letter dated January 19, 2017 and in its brief filed on April 12, 4017 that a copy of the suppression hearing was not filed in this court and counsel has not had access to a certified copy of that record.

written proof to this court on or before January 29, 2018 that either (1) the fee for the preparation of the record from the suppression hearing has been paid or arrangements have been made to pay the fee, or (2) appellant is entitled to the record without prepayment of the reporter's fee. *See id.* R. 35.3(b). On January 29, 2018, appellant filed a response, providing proof of payment for the reporter's record by attaching a copy of a check payable to the court reporter, Maria Fattahi, for the total amount due.

Accordingly, based on appellant's response, we **ORDER** court reporter Maria Fattahi to file the reporter's record for the suppression hearing in this court on or before **March 5, 2018.** The State may file a supplemental brief in this court thirty days after the reporter's record is filed.

We further **ORDER** the submission date of September 6, 2017 is withdrawn, and this appeal will be submitted after the reporter's record is filed and the State has been given the opportunity to file a supplemental brief.

We **order** the clerk of this court to serve a copy of this order on all counsel and the court reporter Maria Fattahi.

ENTERED on this 1st day of February, 2018.

PER CURIAM

ATTESTED TO: _____

KEITH E. HOTTLE,
Clerk of Court